■ CYPRESS ESTATES, INC., Appellant, v. HENRY S. WILSHIRE et al., Respondents.— In this action to compel a determination of a claim to title to real property, plaintiff appeals (1) from so much of an order of the Supreme Court, Suffolk County, dated July 18, 1968 and made upon remittitur of the Court of Appeals, as allowed defendants the costs and disbursements incurred by them in this action; (2) from so much of the judgment, on remittitur, of the Supreme Court, Suffolk County, dated July 31, 1968, as granted defendants $1,011.10 as such costs and disbursements; and (3) from an order of said court dated March 30, 1971, which denied plaintiff's motion to resettle said judgment. The resettled judgment of the Supreme Court, Suffolk County, dated February 4, 1966, affirmed by this court on April 3, 1967, without costs, and thereafter by the Court of Appeals, with costs (*Cypress Estates* v. *Wilshire*, 27 A D 2d 986, affd. 21 N Y 2d 925), dismissed the complaint and awarded judgment of adverse possession to defendants, but was silent as to costs. Upon affirmance by the Court of Appeals an order for judgment on remittitur, dated July 18, 1968, was entered affirming the resettled judgment, " with costs of said appeal, together with the costs and disbursements incurred by the Defendants-Respondents in the action, to be taxed against the Plaintiff-Appellant, Cypress Estates, Inc.". Costs and disbursements were taxed in the sum of $1,011.10 and incorporated in the judgment on remittitur dated July 31, 1968. Order dated July 18, 1968 affirmed insofar as appealed from, without costs. CPLR 8101 states: " The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances." The purpose of this section is to provide the taxing officer with a basis to tax costs. There is nothing in the

record preventing the taxing officer from taxing costs in this record. Judgment modified, on the law, by deleting the amount of $1,011.10 from the decretal paragraph thereof and substituting therefor the sum of $767.54. As so modified, judgment affirmed insofar as appealed from, without costs. Respondents concede that in the bill of costs, as taxed, the additional allowance to them of $150 on their counterclaim, pursuant to CPLR 8302, is incorrect. Also erroneously included therein as disbursements is the sum of $93.56, the expenses of printing on the appeal to this court. Appeal from order of March 30, 1971, dismissed as moot, without costs, in view of the determinations herein on the appeals from the order of July 18, 1968 and the judgment. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.